# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELL COLE,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PENNSYLVANIA, DAUPHIN COUNTY, et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:15-CV-00956<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Plaintiff Cornell Cole, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 15, 2015. (Doc. 1). On June 8, 2015, Plaintiff filed an amended complaint. (Doc. 4). For the reasons provided herein, Plaintiff's complaints will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A.[1] (Doc. 1; Doc. 4).

### I. BACKGROUND

*Pro se* Plaintiff Cornell Cole filed the instant civil rights action on May 15, 2015, naming Defendants Dauphin County and Nathan Guifoyle in the caption of the complaint. (Doc. 1). Cole filed an amended complaint on June 8, 2015. (Doc. 4).[2] Cole's original complaint, amended complaint, and attached exhibits shed light on his claims. Specifically, this action for

---

[1] While Plaintiff paid the full filing fee for this civil rights action on May 28, 2015, the Court must still undergo screening of his complaint pursuant to 28 U.S.C. § 1915A.

[2] The Court liberally construes the original complaint and amended complaint together in conducting its mandatory screening obligation.

money damages arises out of events leading up to Cole's arrest for alleged burglaries that occurred on August 25, 2013, and September 3, 2013. The exhibits attached to Cole's complaint reveal that a search warrant was obtained in the state of Maryland on August 22, 2013, which permitted Maryland authorities to attach an electronic tracking device to a vehicle owned by alleged co-conspirator Troy Emanuel Baker. (Doc. 1, at 9). Cole maintains that the warrant "did not authorize Maryland authorities to enter the jurisdiction of the state of Pennsylvania to track said electronic device." (Doc. 1, at 2). Cole alleges that Maryland authorities entered the jurisdiction of Pennsylvania to track the electronic device that was placed on the vehicle "without seeking permission from Pennsylvania law enforcement first." (Doc. 1, at 4). He insists that the failure to seek permission from Pennsylvania authorities prior to conducting surveillance activities within the state violated the "Municipal Police Jurisdiction Act 42 PA C.S.A. 8953(A)," amounting to an infringement of his Fourth and Fourteenth Amendment rights. (Doc. 1, at 3).

Moreover, Cole also appears to challenge the presiding judge's handling of his underlying criminal proceedings. While Cole does not name President Judge of Dauphin County Richard A. Lewis in the caption of the complaint, he alleges in the body of the complaint that Judge Lewis violated his rights under the Fifth and Fourteenth Amendments by "'blatantly' ignoring case law . . . when it is 'crystal clear' that Maryland Authorities acting under the color of Maryland law, traveled into Pennsylvania to conduct police activities in their capacity as police officers, without seeking permission from Pennsylvania law enforcement first." (Doc. 1, at 4). It appears that Cole challenges Judge Lewis's denial of Cole's pretrial motions, especially with respect to the suppression of evidence obtained as a result of the tracking device. He seeks

compensatory and punitive damages as well as an order expunging his criminal record. (Doc. 1; Doc. 4).

II. **SECTION 1915A STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. Appx. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable

inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to

4

dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. DISCUSSION

### A. FAILURE TO STATE A CLAIM

In construing the *pro se* complaints liberally, it appears that the crux of Cole's allegations stem from the supposition that the actions taken by Maryland authorities in traveling into the Commonwealth of Pennsylvania to conduct covert surveillance without first seeking permission from Pennsylvania law enforcement violated Pennsylvania's Municipal Police Jurisdiction Act, which thus amounts to an infringement of Cole's rights under the Fourth and Fourteenth Amendments. However, Cole's argument that Maryland authorities somehow violated his rights by conducting surveillance activities beyond their primary jurisdiction, in violation of a state law, lacks an arguable basis in law and fact. Even assuming *arguendo* that Maryland officials violated the Pennsylvania Municipal Police Jurisdiction Act by conducting surveillance activities within the jurisdiction of Pennsylvania, "[s]ection 1983 does not provide a private right of action for violation of state law." *Riskanin v. Hammer,* 2005 U.S. Dist. LEXIS 28135, *16 (E.D. Pa. 2005) (holding that the amended complaint did not state a claim under Section 1983 "for violation of Plaintiff's civil rights pursuant to . . . 42 Pa. Cons. Stat. Ann. § 8953.") (citing *Nellom v. Luber,* 2004 U.S. Dist. LEXIS 7103, 2004 WL 816922 (E.D. Pa. 2004)). Indeed, the "Fourth Amendment is not implicated simply because an individual violates state law." *See Benn v. Universal Health Sys., Inc.,* 371 F.3d 165, 174 (3d Cir. 2004) ( "Section 1983 does not provide a cause of action for violations of state statutes."); *see also Virginia v. Moore,* 553 U.S. 164, 176–78 (2008) ( "[T]he arrest rules that the officers violated were those of state law alone,

and as we have just concluded, it is not the province of the Fourth Amendment to enforce state law. That Amendment does not require the exclusion of evidence obtained from a constitutionally permissible arrest.").

Here, Cole has not offered any factual allegations with respect to the validity of the search warrant obtained in Maryland aside from his assertion that Maryland authorities violated Pennsylvania state law, and by implication, constitutional law, by carrying on activities that exceeded the scope of their jurisdiction. As no constitutional right is implicated based solely on Cole's allegation that Maryland authorities conducted surveillance operations beyond the geographical boundaries of their primary jurisdiction, the Court must dismiss the complaints for failure to state a claim under § 1983. *See Carter v. Bartle*, No. CIV. A. 89-8921, 1990 WL 156543, at *1 (E.D. Pa. Oct. 9, 1990) (holding that complaint alleging arrest outside of primary jurisdiction must also contain allegations that arrest was made without probable cause in order to state a claim).

### B. CLAIMS AGAINST DAUPHIN COUNTY

Further, Cole has failed to assert a federal civil rights claim under § 1983 against Dauphin County. "On its face, § 1983 makes liable 'every person' who deprives another of civil rights under color of state law." *Burns v. Reid*, 500 U.S. 478, 497 (1991) (Scalia, J., concurring in part and dissenting in part). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court of the United States established that municipalities and other local governmental units are included among those "persons" subject to liability under § 1983. *Monell*, 436 U.S. at 690. A municipality can be liable under § 1983 only if the conduct alleged to be unconstitutional either "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to

6

governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 690–91. Thus, to state a § 1983 claim against a municipality, a plaintiff must allege a constitutional injury that was caused when the municipality took action pursuant to a custom or policy. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992); *see also Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984) ("A plaintiff must identify the challenged policy, attribute it to the [municipality] itself, and show a causal link between execution of the policy and the injury suffered."). Regardless of any policy or practice it may have adopted, however, municipal liability under *Monell* requires an underlying constitutional violation. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989).

In the present case, Cole has not alleged the essential elements of a municipal liability claim under § 1983, as he has failed to identify a policy, custom, or practice of the municipality that caused a purported constitutional deprivation. In fact, while Cole names Dauphin County in the caption of his complaint, the body of the complaint makes no reference to this defendant. A civil rights complainant must state the conduct, place, and persons responsible for alleged civil rights violations in order to give "fair notice of what [his] claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pa. State Police,* 570 F.2d 86, 89 (3d Cir. 1978)). Accordingly, as the complaint does not appear to allege a violation of a constitutional right under 42 U.S.C. § 1983 against Dauphin County, this Court will dismiss this defendant from the instant action for failure to state a claim upon which relief can be granted. *See Tillio v. Radnor Police*, 236 Fed. App'x. 794 (3d Cir. 2007).

### C. Claims Against Nathan Guifoyle

With respect Nathan Guifoyle, Cole again has failed to attribute any factual allegations to this particular defendant but for a lone conclusory allegation that this defendant violated Cole's rights under the Fourth and Fourteenth Amendments, and an attached "Application and Affidavit for Installation of Electronic Tracking Device" bearing this defendant's name. (Doc. 1, at 9). This cursory style of pleading is plainly inadequate. Plaintiff has failed to provide any factual allegations pertaining to the actions taken by this defendant that resulted in the alleged violation of Cole's constitutional rights. As the complaint is devoid of any well-pleaded factual allegations beyond the legal conclusion that this defendant violated Cole's rights under the Fourth and Fourteenth Amendments, this Court is compelled to dismiss Nathan Guifoyle from the instant action for failure to state a claim. *Iqbal*, 556 U.S. at 679.

### D. Claims Against Judge Richard A. Lewis

While Cole does not name Judge Richard A. Lewis in the caption of the original omplaint, he references this individual extensively in the body of the complaint. However, to the extent that Cole intends to assert claims against Judge Richard A. Lewis, such claims must fail, as this defendant is entitled to judicial immunity. Indeed, a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "[S]o long as the (1) the judge's actions were taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them." *Mikhail*, 991 F. Supp. 2d at 660 (citing *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be

8

subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (per curiam) (quoting *Bradley*, 80 U.S. at 347).

In his complaint, Cole questions the Judge's impartiality with respect to presiding over his criminal trial, as Cole insists that Judge Lewis "blatantly ignored case law" when denying Cole's pretrial motions, and signed the warrant authorizing Pennsylvania officials to monitor the mobile tracking device in the event the vehicle traveled within the Commonwealth of Pennsylvania. (Doc. 1, at 5). However, such allegations do not deprive this Judge of immunity. All of the allegations in the complaint regarding Judge Lewis relate to adjudicatory acts taken with respect to this Judge's disposition of Cole's underlying criminal proceedings. No facts are set forth in the complaint demonstrating that Judge Lewis's actions were taken in clear absence of all jurisdiction.[3] *See Stump*, 435 U.S. at 356–57; *Azubuko*, 443 F.3d at 303; *see, e.g., Mireles,* 502

---

[3] "Although a judge is not immune from suit for actions taken in the clear absence of jurisdiction, [the Third Circuit] has held that 'a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of h[is] court.'" *Lepre v. Lukus*, No. 14-1475, 2015 WL 525663, at *3 (3d Cir. Feb. 10, 2015) (quoting *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768–69, 771 (3d Cir. 2000)). However, the orders attached as exhibits to the complaint reveal that this Judge was not acting in the "clear absence of all jurisdiction." Accordingly, the claims against this Judge must fail.

9

U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."); *Pett v. Crandall*, No. 6:14-CV-682 GLS/ATB, 2014 WL 3105821, at *3 (N.D.N.Y. July 7, 2014) ("[E]ven if the judge acted maliciously, corruptly, or with a conflict of interest, this would be insufficient to overcome judicial immunity."). Accordingly, judicial immunity forecloses Cole's claims against Judge Richard A. Lewis.

### E. Expungement of State Court Criminal Record

Cole seeks to have this Court order the expungement of his state court criminal record. However, the Court does not have jurisdiction to expunge his criminal record. Indeed, a "district court does not have inherent jurisdiction over motions to expunge." *Dix v. City of Philadelphia*, No. CIV.A. 15-532, 2015 WL 4624248, at *9 (E.D. Pa. Aug. 3, 2015) (citing *United States v. Dunegan*, 251 F.3d 477, 478–79 (3d Cir. 2001)). While a federal court may have ancillary jurisdiction over petitions for expungement in narrow circumstances, ancillary jurisdiction does not generally extend to the expungement of state court criminal records. *See United States v. Rowlands,* 451 F.3d 173, 177 (3d Cir. 2006); *see also Dix*, 2015 WL 4624248, at *9 (citing *Dennis v. Nat'l R.R. Passenger Corp.,* 34 F. App'x. 950, 950 (4th Cir. 2002) ("Expungement of a state criminal record must be sought through the state court system."); *Belill v. Hummel,* No. 86–1937, 1987 WL 24114, at *5 (6th Cir. 1987) (holding that "fundamental precepts of federalism" compel the court to refrain from ordering the state court "to expunge [plaintiff's] contempt conviction from his state court criminal record" because to do so would "necessarily imply that plaintiff's state court conviction was invalid"); *Wallace v. Poulos,* 861 F. Supp. 2d 587, 598 (D. Md. 2012) ("Because [p]laintiffs seek expungement of a state arrest record and Maryland provides a procedure for expungement in its state courts, [p]laintiffs' request for

equitable relief will be denied.")). [4] As federal subject matter jurisdiction is lacking with respect to the relief sought, the Court will dismiss this claim for relief.

## IV. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. At this juncture, there is nothing to suggest that amendment of the complaint would be futile, nor is there any basis to believe it would be inequitable. Accordingly, the Court will permit Cole to file an amended complaint within thirty (30) days following the entry of this Order.

## V. CONCLUSION

Based on the foregoing, Plaintiff's complaints (Doc. 1; Doc. 4), will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A. However, Plaintiff will be granted leave to file an amended complaint within thirty (30) days following the dismissal of his complaints.

An appropriate Order will follow.

**BY THE COURT:**

**Dated: August 28, 2015**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

---

[4] Pennsylvania Rule of Criminal Procedure 790 governs expungement procedures in state court cases. Pa. R. Crim. P. 790.