UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELL COLE,<br><br>           Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA DAUPHIN COUNTY, et al.,<br><br>           Defendants. | CIVIL ACTION NO. 1:15-CV-00956<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a *pro se* civil action, initiated upon the filing of the complaint in this matter on May 5, 2015. (Doc. 1). On June 8, 2015, Plaintiff filed an amended complaint as a matter of course. (Doc. 4). Plaintiff's action for money damages arose out of events leading up to Plaintiff's arrest for alleged burglaries that occurred on August 25, 2013 and September 3, 2013. The exhibits attached to Plaintiff's complaint revealed that a search warrant was obtained in the state of Maryland on August 22, 2013, which permitted Maryland authorities to attach an electronic tracking device to a vehicle owned by alleged co-conspirator Troy Emanuel Baker. (Doc. 1, at 9). Plaintiff maintained in his complaints that the warrant "did not authorize Maryland authorities to enter the jurisdiction of the state of Pennsylvania to track said electronic device" (Doc. 1, at 2), and further, that Maryland authorities entered the jurisdiction of Pennsylvania to track the electronic device "without seeking permission from Pennsylvania law enforcement first," in violation of the Municipal Police Jurisdiction Act.   (Doc. 1, at 4). He claims these actions amounted to an

infringement of his Fourth and Fourteenth Amendment rights to the United States Constitution.

On August 28, 2015, the undersigned ordered that the complaints be dismissed pursuant to 28 U.S.C. § 1915A with leave to file an amended complaint within thirty (30) days of dismissal of the complaint. (Doc. 26). On October 1, 2015, Plaintiff requested until October 30, 2015, to file his amended complaint (Doc. 7), which this Court granted on October 2, 2015. (Doc. 8)

Plaintiff has failed to timely file an amended complaint in accordance with the August 28, 2015 Order. (Doc. 28). Accordingly, it is recommended that the instant civil-action be closed.

Based on the forgoing, it is recommended that the Clerk be directed to close this case.

**BY THE COURT:**

**Dated: November 19, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNELL COLE,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMONWEALTH OF<br>PENNSYLVANIA DAUPHIN COUNTY,<br>et al.,<br><br>             Defendants. | CIVIL ACTION NO. 1:15-CV-00956<br><br>(CONNER, C.J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 19, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 19, 2015**                                    *s/ Karoline Mehalchick*
                                                                                **KAROLINE MEHALCHICK**
                                                                                **United States Magistrate Judge**